# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL STORM,

        Petitioner,

        v.                    Case No. 06-C-0980

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DENYING § 2255 MOTION AND DISMISSING CASE

Daniel Storm has filed a motion under 28 U.S.C. § 2255. Storm pled guilty to conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana; he was sentenced to seventy-nine months of imprisonment. He appealed, but counsel filed a brief and sought to withdraw under *Anders v. California*, 386 U.S. 738 (1967). After considering counsel's motion and brief and Storm's response, the Seventh Circuit agreed with counsel that the potential issues raised were meritless; counsel was allowed to withdraw and Storm's appeal was dismissed. *United States v. Storm*, No. 04-3431, slip op. (7th Cir. Aug. 11, 2005).

The court must examine the motion under Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded

the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Storm asserts eight potential grounds for relief. However, as discussed below, none of the grounds can succeed.

Storm's first asserted ground for relief is that the district court, despite the parties' agreement, failed to give due consideration to the recommendation that the sentence imposed in district court run concurrent with any term imposed by the U.S. Parole Commission on a parole revocation. According to Storm, the district court could have departed downwardly under USSG § 5G1.3 (and its application notes) to effect the equivalent of a concurrent sentence. However, the court took the matter under advisement and never made a factual determination of the request for a downward departure; Storm says the court did not issue a final appealable order on the matter. In ground two, Storm asserts ineffective assistance of counsel for failure to preserve the issue for appeal.

As acknowledged by defense counsel in a letter to the court dated July 1, 2004, *United States v. Storm*, No. 03-Cr-143, Letter (doc. #58) (filed 7/1/04), notwithstanding paragraph 23 in the plea agreement indicating that the parties recommended that this court's sentence run concurrent to prison time imposed following revocation of federal parole, the Parole Commission chose to delay any revocation hearing until after Storm's sentencing hearing. Thus, there was no revocation sentence against which this court could have ordered a concurrent sentence. This court cannot be faulted for not following a recommendation that could not apply. Moreover, the district court is not bound by any recommendations by the parties at sentencing. *See United States v. Grimm*, 170 F.3d 760, 768 (7th Cir. 1999).

2

Storm argues now that as an alternative this court should have departed downwardly under USSG § 5G1.3. However, with rare exceptions, errors in application of the sentencing guidelines are not cognizable in a § 2255 case. *Buggs v. United States*, 153 F.3d 439 (7th Cir. 1998); *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A claim that the district judge misapplied the guidelines does not challenge the jurisdiction of the court or imply that the judge exceeded the statutory maximum. *Scott*, 997 F.2d at 341. Nor, except in "extraordinary circumstances," could such a misapplication be in violation of the laws of the United States. *Id.* at 343. Extraordinary circumstances involve a district court's refusal to implement a guidelines provision designed for a defendant's benefit and cause for not appealing the issue directly. *Id.*

Storm cannot show that this court refused to implement a required guidelines provision in his favor. Downward departures under USSG § 5G1.3 are discretionary. The court need not apply the provision; such discretion means that Storm had only the *possibility* of receiving a reduced sentence to approximate a concurrent sentence. *Prewitt v. United States*, 83 F.3d 812, 818-19 (7th Cir. 1996). A claim that the court did not exercise its recognized discretion in defendant's favor is not a basis for § 2255 relief.

In addition, the parties never raised the possible application of § 5G1.3 at sentencing, so the issue was waived and this court cannot be faulted for not having considered it. Storm suggests that the court took the § 5G1.3 issue under advisement, but that is incorrect. At the end of the sentencing hearing, the court said it would on its own review the issue of whether Storm's prior sentence, for which he was on parole or supervision, counted as a sentence against which the sentence in case 03-CR-143 could run concurrent, even though no revocation had yet occurred. *United States v. Storm*,

3

03-CR-143, Hr'g Tr. of Aug. 19, 2004 (Doc. #92) at 48-49 (E.D. Wis. filed Dec. 8, 2004). No one had asked the court to consider a downward departure under § 5G1.3.

This was not a situation where the court sentenced Storm to the bottom of the guidelines range and said it was constrained by the guidelines floor and could go no further. Instead, this is a case wherein the court expressed reluctance to depart downwardly three levels, as opposed to two, when granting the government's substantial assistance motion. The court sentenced Storm in the middle of the guidelines range in view of the facts of the case and Storm's criminal history. A greater downward departure would have been highly unlikely even if a § 5G1.3 motion had been made.

Storm asserts impropriety in the court's failure to rule formally on the issue of whether there was a concurrent sentence against which the sentence in case 03-CR-43 could run. The court stated at sentencing that it would review the matter "and make a decision and it will be embodied in the judgment of conviction that is entered." *Id.* at 49. The court's judgment was a final, appealable order; nothing further was required. The lack of any language suggesting that the sentence was to run concurrent with another sentence evidenced the rejection of Storm's argument.

Storm's request for relief highlights the inappropriateness of his request in these collateral proceedings. At the end of his argument on this ground he asks this court now order a downward departure of twenty-four months, "*nunc pro tunc* . . . to be reflected upon the face of the Amended Judgment." (Mot. at 6.) This court cannot amend the judgment at this late date on the ground Storm advances. Fed. R. Crim. P. 35, 36.

Storm suggests "cause" for not appealing through his second ground for habeas relief, i.e., his counsel failed to preserve or to raise on appeal this court's failure to

4

adopt the parties' sentencing recommendation. However, for the following reasons that claim must be dismissed.

To establish ineffective assistance of counsel Storm must show that: (1) his attorney's representation was deficient; and (2) the deficient performance so prejudiced his defense that the resulting proceedings were fundamentally unfair and unreliable. *Prewitt*, 83 F.3d at 816; *see Strickland v. Washington*, 466 U.S. 668 (1984). Storm can establish neither.

For the performance prong of the test, a prisoner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. *Strickland* permits a wide latitude of permissible attorney conduct. *See id.* at 689. Judicial scrutiny is "highly deferential" and the court presumes that counsel's conduct was reasonable. *Id.* Counsel's performance must be evaluated from his or her perspective at the pertinent time; hindsight should not distort the evaluation. *Id.*

Storm suggests that all of his attorneys neglected to cause the court "to render a final, appealable Order" (Mot. at 6), preventing an appeal of the § 5G1.3 issue, nor did they seek correction of his sentence as a scrivener's error (Mot. at 6). As stated above, the judgment in this case was a final, appealable order, so the attorneys were not deficient in getting a final order. And the court's choice not to run the sentence concurrent to a prior sentence for which Storm was on parole and the lack of any downward departure under § 5G1.3 were substantive matters, not a scrivener's errors for which the attorneys might have sought correction. *See* Fed. R. Crim. P. 36.

5

Storm's argument concerning a ruling on a possible concurrent sentence relies on perceived absence of a final order. Regardless, Storm cannot show prejudice regarding the failure of sentencing counsel to raise the § 5G1.3 issue. Sentencing counsel would have been arguing for the remote possibility that Storm would have received a reduced sentence under § 5G1.3. As for appellate counsel, Storm is unable to demonstrate deficiency inasmuch as appellate counsel raised four other potential issues for appeal, all of which the Seventh Circuit agreed would have been meritless. Nothing Storm suggests indicates that failure to advance the § 5G1.3 issue was outside the range of effective appellate representation. Moreover, the court presumes that appellate counsel's conduct was reasonable in selecting the possible issues to present in her *Anders* brief, and the § 5G1.3 issue had not been raised at sentencing. In addition, Storm addressed issues of his choosing on appeal yet declined to raise the § 5G1.3 issue himself.

Ground three fails under the law-of-the-case doctrine. *See Peoples v. United States*, 403 F.3d 844, 846-47 (7th Cir. 2005). Storm submits that the court acted improperly when it included in his criminal history score one criminal history point for an "uncounseled, city ordinance violation alleging criminal damage to property," even though he received no jail time. (Mot. at 6-7.) According to Storm, the ordinance proceeding was held in absentia without any notice that it would appear as a criminal conviction. (*Id.* at 7.) However, the Seventh Circuit addressed this issue of in its decision on Storm's appeal, finding that it had no merit:

> [C]ounsel considers whether Storm might argue that a criminal history point assessed for a prior municipal sentence was error because that sentence was imposed upon Storm's failure to appear in court rather than upon a merits hearing to determine his guilt. The sentence resulted from Storm's violation of a local ordinance codifying the state crime of damage to property, Wis. Stat. § 943.01. If the ordinance violated also constitutes a crime

6

> under state law, then a municipal sentence counts towards a defendant's criminal history. That is so even if the sentence was imposed as a result of the defendant's failure to appear rather than after a hearing. And contrary to a suggestion by Storm, the sentence must count even if he did not have a lawyer before the municipal court.

*United States v. Storm*, No. 04-3431, slip op. at 2 (7th Cir. Aug. 11, 2005) (citations omitted). Because the Seventh Circuit has already rejected this argument as meritless, this court cannot override that determination.

In ground four, Storm argues that the district court at sentencing relied on prior convictions that were neither pled in the indictment nor admitted during the change of plea hearing. Storm says that he must include this claim because recent cases indicate a march toward reversing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, *Almendarez-Torres* remains the law and prior convictions need not be charged in an indictment, submitted to a jury, or admitted by the defendant to be considered by the court at sentencing. *United States v. Pittman*, 418 F.3d 704, 709 (7th Cir. 2005).

In ground five, Storm asserts that the district court at sentencing relied on a quantity of marijuana not specifically pled in the indictment. He says that in the event *United States v. Booker*, 543 U.S. 220 (2005), is applied retroactively, his case would require resentencing.

Storm is plain wrong on the facts. Not only was a quantity of marijuana pled, but Storm admitted the amount. The count to which he pled guilty charged that "[t]he offense involved 100 kilograms or more of a mixture containing a detectable amount of marijuana." *United States v. Storm*, No. 03-CR-143, Indictment at 1 (E.D. Wis. filed July 22, 2003). In his plea agreement, Storm agreed that he was guilty of this count and that the government possessed sufficient evidence to prove at least 100 kilograms. *United States*

*v. Storm*, No. 03-CR-143, Corrected Plea Agreement ¶¶ 5, 8 (E.D. Wis. filed Oct. 20, 2003). Then, at the plea hearing Storm acknowledged the indictment language of count one charging 100 kilograms or more of marijuana and pled guilty to that count. *United States v. Storm*, No. 03-CR-143, Hr'g Tr. of Oct. 20, 2003, at 13, 33 (E.D. Wis. filed July 2, 2004). Storm's guidelines range was then determined using the range of at least 100 kilograms but less than 400 kilograms of marijuana. *United States v. Storm*, No. 03-CR-143, Presentence Report ¶ 18 (E.D. Wis. 2004); *see* USSG § 2D1.1(c)(7). *Booker* confirmed that at sentencing the court is permitted to use any facts established by a plea of guilty or admitted by the defendant. 543 U.S. at 244.

Storm contends in ground six that in open court at sentencing this court did not impose a requirement of a DNA sample from Storm, yet the Bureau of Prisons and U.S. Probation Office are using the judgment to demand a DNA sample. Because Storm admits that the judgment does not contain a DNA requirement, this claim cannot be considered a proper § 2255 attack on the judgment itself. It is more likely a conditions of confinement or supervision issue. However, the judgment ordered Storm to follow the instructions of the probation officer, and the Seventh Circuit has determined that a probation officer's direction to a person under supervision to submit a DNA sample falls within an original judgment of conviction requiring compliance with the probation officer's instructions. *United States v. Hook*, 471 F.3d 766, 770 (7th Cir. 2006). Nevertheless, even if DNA collection is considered part of the conditions imposed by Storm's judgment, the federal statute requiring DNA collection has been upheld by the Seventh Circuit against several constitutional attacks. *Id.* at 771-77.

Storm's seventh ground for relief is that this court failed to provide him with any avenue to participate in a drug program that would reduce his sentence. According to

Storm, the court refused to suspend drug testing yet failed to recommend that he be allowed to participate in a comprehensive drug abuse program, completion of which would earn Storm a one-year reduction in sentence. Storm asks for such a recommendation for the program.

Storm provides no citation to authority, and the court can think of no basis in law, for the argument that the court's discretionary decision not to make a recommendation to the BOP is a constitutional violation and a basis for § 2255 relief. In no way does such a recommendation (or the lack thereof) implicate the Constitution or laws of the United States, the court's jurisdiction, or the maximum sentence authorized by law.

As a final ground for relief, Storm contends that he received five years of supervised release while the court gave his co-defendant only three years, that the disparity is excessive, and that the court failed to explain the disparity on the record. Again, he fails to point to any authority indicating that a two-year disparity in supervised release violates the Constitution or laws of the United States or draws into question the court's jurisdiction, or that the five years of supervised release imposed on Storm exceed the maximum sentence. Moreover, Storm admitted in his plea agreement that as to his own case the *minimum* supervised release term was four years. Thus, Storm could not have received three years of supervised release. And, again, Storm is factually inaccurate. His co-defendant received a term of five years of supervised release. *United States v. Jarvis*, No. 03-CR-143, Jarvis Resentencing J. (E.D. Wis. filed Sept. 3, 2004).

In sum, none of Storm's alleged grounds for relief can succeed as a basis for § 2255 relief.

Therefore,

**IT IS ORDERED** that the motion is denied and this case is dismissed pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2007.

BY THE COURT:

/s/ C. N. Clevert, Jr.

C. N. CLEVERT, JR.
United States District Judge